STATE OF MAINE                                   SUPERIOR COURT
ANDROSCOGGIN, SS.                                CIVIL ACTION
                                                 DOCKET NO. CV-14-133

RECEIVED & FILED

ANDROSCOGGIN
SUPERIOR COURT

ANITA SELLARS                      )
                                   )
            Plaintiff,             )
                                   )
    v.                             )         ORDER
                                   )
JASON OSBORNE                      )
                                   )
            Defendant.             )


Before the court is Plaintiff's motion for partial summary judgment on Defendant's Second Affirmative Defense, alleging comparative negligence.

I.     Background

Plaintiff Anita Sellars and Defendant Jason Osborne were involved in a motor vehicle collision on April 22, 2012. (Supp. S.M.F. ¶ 1.) The collision occurred at the intersection of Route 9, Plummer Mill Rd., and Swamp Rd. in Durham, Maine. (Opp. S.M.F. ¶¶ 2, 5.) At the time of the collision, Plaintiff was traveling westbound on Route 9. (Opp. S.M.F. ¶ 2.) Defendant was traveling eastbound on Route 9. (Opp. S.M.F. ¶ 3.) At the intersection, Plaintiff made a right turn from Route 9 onto Swamp Rd. (Opp. S.M.F. ¶ 5.) Plaintiff did not have a stop sign or traffic signal controlling her right turn onto Swamp Rd. (Supp. S.M.F. ¶ 6; Opp. S.M.F. ¶ 6.) At about the same time, Defendant made a left turn across the westbound lane of Route 9 onto Plummer Mill Rd. (Supp. S.M.F. ¶ 8.) The front of Plaintiff's vehicle struck the rear of Defendant's vehicle. (Opp. S.M.F. ¶ 9; Add. S.M.F. ¶ 17.)

Plaintiff filed a complaint against Defendant on August 19, 2014, alleging negligence. (Pl.'s Compl. ¶¶ 5-8.) Defendant filed an answer on September 9, 2014, raising comparative negligence as an affirmative defense. (Def.'s Ans. 2). Plaintiff filed

1

a motion for partial summary judgment regarding the defense of comparative negligence on May 26, 2015. (Pl.'s M.S.J. 1.)

II.    Standard of Review

Summary judgment is appropriate if the parties' statements of material fact and the cited record indicate no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the fact finder must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

If a plaintiff moves for summary judgment on an affirmative defense, the defendant opposing summary judgment must establish a prima facie case for each element of the affirmative defense in order to avoid summary judgment. *Reliance Nat'l Indemnity v. Knowles Indus. Servs.*, 2005 ME 29, ¶ 9, 868 A.2d 220. The evidence offered by the defendant "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." *Estate of Smith v. Cumberland County*, 2013 ME 13, ¶ 19, 60 A.3d 759. The plaintiff is entitled to a summary judgment if the evidence presented by the defendant in support of its affirmative defense would, if produced at trial, fail to establish a prima facie case and entitle the plaintiff to a judgment as a matter of law. *Addy v. Jenkins, Inc.*, 2009 ME 46, ¶ 8, 969 A.2d 935.

2

III.    Discussion

Plaintiff's motion for partial summary judgment argues that Defendant has failed to produce evidence sufficient to establish a prima facie case for comparative negligence. (Pl.'s M.S.J. 2.) Under the Maine Comparative Negligence Act, when a plaintiff suffers damages as a result partly of the plaintiff's own fault and partly of the defendant's negligence, the damages recoverable from the defendant must be reduced to the extent as the jury thinks just and equitable with regard to the plaintiff's share of responsibility for their damages. 14 M.R.S.A. § 156. Thus, to maintain a defense of comparative negligence, the defendant must produce prima facie evidence that the plaintiff's own fault was a proximate cause of the underlying harm that gave rise to the plaintiff's claim. *Sealares v. Fleetwood Homes of Pa., Inc.*, 2005 ME 94, ¶ 38, 878 A.2d 509.

In support of its motion for summary judgment, Plaintiff cites to Defendant's deposition testimony as demonstrating that Defendant has no evidence to support its comparative negligence defense. (Supp. S.M.F. ¶¶ 9-11.) At deposition, Defendant testified that he did not know of any actions by Plaintiff that contributed to the collision, that he did not see Plaintiff's vehicle long enough to determine if Plaintiff was speeding when the collision occurred, and that he had no personal knowledge that Plaintiff did anything wrong to cause the collision. *Id.*

In support of its opposition to Plaintiff's motion for summary judgment, Defendant cites Plaintiff's testimony at deposition as prima facie evidence of Plaintiff's own fault. (Add. S.M.F. ¶¶ 15-18.) At deposition, Plaintiff testified that she was traveling about 25 miles per hour, "maybe more," as she made her turn at the intersection. (Opp. S.M.F. ¶ 7.) Plaintiff also testified that she did not know whether Defendant's left turn signal was activated prior to the collision, that she assumed Defendant's vehicle would continue on Route 9, and that she never thought

3

Defendant's vehicle might turn onto another road at the intersection. (Add. S.M.F. ¶ 17.) Plaintiff further testified that she had traveled through the intersection of Route 9, Swamp Rd., and Plummer Mill Rd. thousands of times before. (Add. S.M.F. ¶ 25.) Plaintiff testified that she thought the intersection of Route 9, Swamp Rd., and Plummer Mill Rd. was a dangerous intersection as a result of vehicles turning from Route 9 on to Swamp Rd. or Plummer Mill Rd. at a high rate of speed. (Add. S.M.F. ¶ 18.)

Defendant also cites his own testimony in support of his opposition to Plaintiff's motion for summary judgment. (Add. S.M.F. ¶¶ 19-23.) Defendant agreed that the intersection of Route 9, Swamp Rd., and Plummer Mill Rd. is a "tough intersection." (Add. S.M.F. ¶ 20.) Defendant also testified that the contour of the road and the steepness of the hill Plaintiff was descending make it difficult to see vehicles approaching the intersection on Route 9. (Add. S.M.F. ¶ 23.) Defendant testified he looked to his left, to his right, to his left again, and to his right a final time before proceeding and did not see Plaintiff's vehicle until an instant before the collision. (Add. S.M.F. ¶¶ 21-22.)

Viewing the evidence produced by both parties in the light most favorable to Defendant, there is a genuine issue of fact as to whether Plaintiff's actions contributed to the motor vehicle collision. Defendant has produced prima facie evidence in support of its comparative negligence defense. Accordingly, Plaintiff's motion for partial summary judgment regarding Defendant's affirmative defense of comparative negligence is denied.

IV. Conclusion

The court denies summary judgment on Defendant's Second Affirmative Defense.

4

Date:  08/25/2015

Mary Gay Kennedy
Justice, Superior Court

ANITA SELLARS  - PLAINTIFF

Attorney for: ANITA SELLARS
SHELDON J TEPLER  - RETAINED
HARDY WOLF & DOWNING
186 LISBON ST
PO BOX 3065
LEWISTON ME 04243-3065

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2014-00133


DOCKET RECORD

vs
JASON OSBORNE  - DEFENDANT

Attorney for: JASON OSBORNE
J WILLIAM DRUARY JR - RETAINED 09/09/2014
MARDEN DUBORD BERNIER & STEVENS
44 ELM STREET
PO BOX 708
WATERVILLE ME 04901-0708


Filing Document: COMPLAINT          Minor Case Type: AUTO NEGLIGENCE
Filing Date: 08/19/2014

## Docket Events:

08/19/2014 FILING DOCUMENT - COMPLAINT FILED ON 08/19/2014

08/19/2014 Party(s):  ANITA SELLARS
        ATTORNEY - RETAINED ENTERED ON 08/19/2014
        Plaintiff's Attorney: SHELDON J TEPLER

08/29/2014 Party(s):  JASON OSBORNE
        SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/21/2014
        TO MEAGAN OSBORN

08/29/2014 Party(s):  JASON OSBORNE
        SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 08/29/2014

09/09/2014 Party(s):  JASON OSBORNE
        RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 09/09/2014

09/09/2014 ORDER - SCHEDULING ORDER ENTERED ON 09/09/2014
        MARYGAY  KENNEDY , JUDGE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
        PARTIES/COUNSEL

09/09/2014 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 05/09/2015

09/09/2014 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 09/09/2014
        MARYGAY  KENNEDY , JUDGE

09/25/2014 Party(s):  JASON OSBORNE
        ATTORNEY - RETAINED ENTERED ON 09/09/2014
        Defendant's Attorney: J WILLIAM DRUARY JR

11/13/2014 Party(s):  JASON OSBORNE